O’Neall, C. J.,
dissenting, said: That the majority concede that the legal estate in the bank stock (fifty shares) is in Madame Szemere, the defendant. They hold, as I do, that the shares are not negotiable by delivery, or by any writing except that which operates to cause them to be transferred on the books of the bank. In this case, there has be.en no transfer on the books of the bank, and, of course, the shares remain in the name of Madame Szemere.
But, it is contended that, the other defendants, Hermann Cox & Co., who hold the scrip, and blank power of attorney, which they received from B.oldin, are, in equity, entitled to be reimbursed their advances out of the stock. This claim is no more than that they are entitled to hold the shares on hypothecation; and so the Chancellor’s decree allows.
If they had purchased, and could shew that Madame Sze-mere intended to sell, and placed the stock and power in Boldin’s hands for that purpose, then an equity would arise to perfect the sale. But there is no such proof. Boldin called the stock his own, and sold, or pledged it as such, to raise money for his own use. Not a dollar has been traced to Madame Szemere’s use. How an equity against her, under such circumstances, can arise, is what I cannot understand. These views are so fully sustained by the recent New York case, The Mechanics Bank vs. The New York and New Haven Railroad Company, 13 N. Y. Reports, (3 Kernan) 599 to 641, that I may refer to the decision there for an answer to all the grounds assumed for Cox & Co.
So, too, I concur fully in the excellent argument of Mr. Recorder Pringle, and beg leave to refer to and adopt it, as fully illustrating the grounds on which I place my dissent.

Appeal dismissed.